Filed 9/1/15  P. v. Thompson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL THOMPSON,<br><br>    Defendant and Appellant. | F068980<br><br>(Fresno Super. Ct. No. F13908766)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Don B. Penner, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

* Before Levy, Acting P.J., Gomes, J. and Detjen, J.

## INTRODUCTION

Appellant/defendant Michael Thompson pleaded guilty to assault with a deadly weapon and was sentenced to nine years pursuant to a negotiated disposition. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS

On the evening of September 15, 2013, Thomas Cazares was walking around an apartment complex with his wife and child. Defendant walked by, and Cazares noticed defendant was looking at his wife. Cazares asked defendant if there was a problem. Defendant approached Cazares and cursed him. Defendant pulled a knife, and Cazares's family ran away and called the police. Defendant used his closed fist and punched Cazares twice on the right side of the head. Defendant swung the knife at Cazares five or six times. Cazares suffered three to four stab wounds on his hand.

An officer responded and found defendant walking in the area. The officer ordered defendant to the ground. Defendant refused. He used racial slurs and profanity toward the officer, taunted the officer to shoot him, and reached toward his midsection. When additional officers arrived, defendant finally complied and was arrested. He was found in possession of two knives, and he was a parolee at large.

### Procedural History

On September 17, 2013, a complaint was filed which charged defendant with count I, assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)),[1] with one prior strike conviction (§§ 667, subds. (b)–(h), 1170.12, subds. (a)–(d)), one prior serious felony enhancement (§ 667, subd. (a)(1)), and one prior prison term enhancement (§ 667.5, subd. (b)).

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

On October 2, 2013, defendant pleaded no contest and admitted the prior conviction, pursuant to a negotiated disposition where his maximum sentence would be nine years. The court dismissed the remaining charges.

On November 27, 2013, defendant requested to discharge his appointed counsel. The court conducted a hearing pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 and denied the motion. The court granted defendant's motion for a continuance for his family to hire private counsel.

On January 8, 2014, the court granted defendant's request to continue the sentencing hearing to February 26, 2014, to hire private counsel, but advised defendant that it would conduct the sentencing hearing if he did not hire counsel by that time.

On February 26, 2014, the court convened the sentencing hearing, denied defendant's request for another continuance, and found he had more than sufficient time to retain private counsel. The court denied probation and sentenced defendant to the lower term of two years for count I, doubled to four years as the second strike term, with a consecutive term of five years for the prior serious felony enhancement, for an aggregate term of nine years. The court imposed various fines and fees, including a $40 court operation assessment fee pursuant to section 1465.8, subdivision (a)(1).[2]

On February 28, 2014, defendant filed a timely notice of appeal. He did not request or obtain a certificate of probable cause.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on July 23, 2014, we invited defendant to submit additional briefing. To date, he has not done so.

---

[2] The abstract of judgment correctly states the court operation assessment fee was $40 (§ 1465.8), consistent with the court's verbal order and the recommendation of the probation report, but the minute order erroneously states the fee was $70.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.